# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| Robbie Collins #290946, | ) | Civil Action No. 2:18-1490-RMG |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **ORDER AND OPINION** |
| C. Williams, | ) | |
| Respondent. | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 8) recommending that Petitioner's petition for a writ of habeas corpus (Dkt. No. 1) be dismissed. For the reasons set forth below, the Court **ADOPTS** the R & R and the petition is **DISMISSED WITHOUT PREJUDICE**, and a Certificate of Appealability is **DENIED**.

I. <u>Background</u>

In August 2005, Petitioner was found guilty by a South Carolina state court jury of murder and possession of a firearm during a crime of violence. Petitioner was sentenced to life imprisonment for the murder conviction and five years for the firearm possession. Petitioner was also sentenced to ten years imprisonment for a pending probation violation. On appeal, Petitioner argued that the court improperly admitted into evidence letters allegedly written to his co-defendants. In 2008, the appeal was dismissed. Petitioner then filed three applications for post-conviction relief in state court, arguing that he was unlawfully in custody on the basis of an insufficient indictment, ineffective assistance of trial and appellate counsel, and prosecutorial misconduct. Each application was dismissed.

In March 2012, Petitioner filed his first petition for federal habeas corpus pursuant to 28 U.S.C. § 2254, arguing numerous grounds for ineffective assistance of trial and appellate

counsel. *See Collins v. Padula*, Case No. 2:12-710-CMC-BHH (Dkt. No. 1). The District Court considered the petition's merits and dismissed with prejudice, finding that Petitioner failed to demonstrate he was prejudiced as a result of counsels' deficient performance and, to the extent Petitioner argued the trial court erred in admitting specific evidence, Petitioner had a full and fair opportunity to litigate the claim in state court. *See* Case No. 2:12-710-CMC (Dkt. No. 66).[1] Petitioner appealed to the Court of Appeals for the Fourth Circuit, which dismissed for lack of jurisdiction on the basis of an untimely appeal. *See Collins v. Padula*, 575 F.Appx 131 (4th Cir. 2014) (Mem).

In August 2015, Petitioner filed his second federal habeas petition on the grounds of "extrinsic fraud." *See Collins v. McFadden*, Case No. 2:15-cv-3378-RMG-MGB (Dkt. No. 1 at 5). This Court considered the petition's merits and dismissed it as an unauthorized successive petition. *See* Case No. 2:15-cv-3378-RMG (Dkt. No. 22). In June 2018, Petitioner filed his third petition for habeas corpus, which the Court considers now. Petitioner again alleges ineffective assistance of counsel and challenges the state court's admission of certain letters into evidence. *See Collins v. Williams*, Case No. 2:18-cv-1490-RMG-MGB (Dkt. No. 1).

## II.   Legal Standard

### A.   Review of R & R

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g., Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a petitioner has not objected to the R & R, the Court

---

[1] These facts are taken from the R & R of the Magistrate Judge on Petitioner's initial federal habeas petition, No. 2:12-cv-00710-CMC (Dkt. No. 61).

-2-

reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note. In the absence of objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See, e.g., Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

B.  Review of Petition for a Writ of Habeas Corpus

Mr. Collins filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. A habeas petition is "successive" if a previously filed habeas petition was "adjudicated on the merits." *Slack v. McDaniel*, 529 U.S. 473, 485-89 (2000). In order to file a "successive" petition, the petitioner must first obtain authorization from the United States Court of Appeals for the Fourth Circuit.[2] *See, e.g.*, 28 U.S.C. § 2254(b)(3)(A) (mandating that "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"); Rule 9 of Rules Governing § 2254 ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition . . ."); *Gonzales v. Crosby*, 545 U.S. 524, 530 (2005) (noting that "before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions"). If the petitioner of a successive petition did not first obtain the necessary authorization, the District Court lacks jurisdiction to consider the merits of the petition and, as a result, must dismiss. *See, e.g., Burton v. Stewart*, 549 U.S.

---

[2]  Authorization can be sought by serving a Motion for Authorization to File Successive Application Under 28 U.S.C. § 2244. The Motion is provided electronically by the Clerk's Office of the United States Court of Appeals for the Fourth Circuit, at http://www.mdd.uscourts.gov/sites/mdd/files/forms/2244Form.pdf.

147, 153 (2007); *Smart v. Warden, Kershaw Corr. Inst.*, No. 2:13-cv-2449-GRA, 2013 WL 6054475, at *3 (D.S.C. Nov. 15, 2013) (dismissing unauthorized successive petition for lack of jurisdiction).

## C. Certificate of Appealability

A certificate of Appealability will issue only on "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the Court denies relief on the merits, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## III. <u>Discussion</u>

Because Petitioner made no objections to the R & R, the Court reviews the R & R for clear error. Upon review of the record, the Court finds that the Magistrate Judge correctly identified Petitioner's petition as successive and unauthorized.

The instant petition is "successive" because Petitioner has filed two prior petitions that were considered on the merits and dismissed. First, in 2012 the District Court reviewed Petitioner's initial habeas petition and dismissed the petition with prejudice, finding that each grounds raised lacked merit. Petitioner's successive 2015 petition was dismissed as because Petitioner did not first obtain authorization to file.

The Court also finds that Petitioner did not obtain required authorization to file this successive petition. The petition provides no indication that Petitioner sought or was granted authorization: there is no reference to the Court's jurisdiction, the authority of the Fourth Circuit Court of Appeals, a "Motion for Authorization," or authorization generally.

Last, a Certificate of Appealability is not warranted here because reasonable jurists would not find it debatable that this Court lacks jurisdiction over Petitioner's clearly unauthorized successive petition.

## IV. Conclusion

For the foregoing reasons, the R & R of the Magistrate Judge (Dkt. No. 8) is **ADOPTED**, and Petitioner's petition for writ of habeas corpus (Dkt. No. 1) is **DENIED WITHOUT PREJUDICE** and a Certificate of Appealability is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

July 3, 2018
Charleston, South Carolina